Filed 3/14/24  P. v. Roberts CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM CECIL ROBERTS, JR.,<br><br>    Defendant and Appellant. | A168270<br><br>(Mendocino County Super. Ct. No. 23CR00144) |

**MEMORANDUM OPINION[1]**

A jury convicted defendant William Cecil Roberts, Jr., of transporting fentanyl for sale (Health & Saf. Code, § 11352, subd. (a)).[2]  Defendant waived a jury trial on aggravating sentencing factors and admitted three of the six factors alleged in the information: his offense involved a large quantity of contraband (Cal. Rules of Court, rule 4.421(a)(10)); he served a prior state

---

[1]  This appeal is appropriately resolved by memorandum opinion in accordance with the California Standards of Judicial Administration, section 8.1.

[2]  We note the verdict form contains a clerical error and incorrectly refers to Penal Code section 11352 rather than Health and Safety Code section 11352.  The court shall correct this reference on remand.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 186–187 [on its own motion, appellate court may order clerical errors corrected]; *People v. Trotter* (1992) 7 Cal.App.4th 363, 369–370 [trial court properly modified verdict form to correctly reflect elements of relevant sentence enhancement].)

1

prison term (*id*., rule 4.421(b)(3)); and he was on probation at the time of the offense (*id*., rule 4.421(b)(4)).  The People moved to strike the remaining aggravating factors—defendant had engaged in violent conduct that indicates a serious danger to society; his prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness; and his prior performance on probation/supervision/parole was unsatisfactory—and the trial court granted the motion.

Prior to the sentencing hearing, the probation department filed a presentence investigation report recommending the trial court deny probation and sentence defendant to the aggravated term of five years.[3]  The department relied on six factors in aggravation and one in mitigation[4] and noted defendant "is facing sentencing on his seventh felony conviction and now has 12 criminal convictions overall.  Moreover, the defendant has been granted summary and/or formal probation on multiple occasions (at least three total); and performed poorly.  He has violated his probation at least twice, some resulting in new criminal convictions; and was on parole . . . during the instant offense.  He has also failed to appear in court on multiple occasions.  [Defendant] has served five prior state prison sentences (Missouri); and has violated his parole multiple times, as well."[5]

---

[3]  A violation of Health and Safety Code section 11352 is punishable by imprisonment for three, four, or five years.  (Health & Saf. Code, § 11352, subd. (a).)

[4]  The report listed the mitigating factor, "defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime.  [¶] Comment:  The defendant has a long history of poly-substance abuse issues; and was under the influence at the time of the offense." (Boldface omitted.)

[5]  The probation report further noted defendant had been on parole for two cases in Missouri during the commission of the current offense, and his

Defendant, in turn, filed a sentencing memorandum requesting the court split some portion of his sentence and requesting the mitigated term of three years because factors in mitigation, including his "childhood abuse," outweighed those in aggravation.

At the sentencing hearing, the court stated it had reviewed the presentence report, defendant's sentencing memorandum, a certified copy of defendant's "rap sheet." Counsel for defendant reiterated the points made in his memorandum arguing for the low term and a split-term mandatory supervision sentence. Further, counsel argued defendant's childhood neglect led to trauma and his polysubstance addiction, and these were contributing factors to the underlying offense. Finally, counsel objected to the consideration of any factor listed in the presentence report "that was not stipulated to prior to today's judgment and sentencing date." The People argued for the upper term as the aggravating factors outweighed those in mitigation.[6]

The trial court imposed a five-year aggravated prison term, relying on the aggravating factors "stipulated by the defendant," and additionally two factors to which defendant had not stipulated—that his prior performance on probation has been unsatisfactory and that he had six prior felonies and five misdemeanors.[7]

---

supervision had been temporarily "transferred via Interstate Commission" to the Mendocino County Probation Department.

[6] The probation officer also testified reaffirming the aggravated term recommendation.

[7] The trial court specifically stated it was not relying on the sixth unstipulated factor—defendant had engaged in violent conduct that indicates a serious danger to society.

On appeal, defendant contends the trial court (1) improperly relied on aggravating factors that had been dismissed; (2) failed to properly consider a mitigating circumstance; and (3) abused its discretion in declining to impose a split sentence.

The Attorney General concedes the trial court erred by prejudicially relying on aggravating factors, which had been stricken and that remand is necessary. The concession is well taken.

Penal Code section 1170, subdivision (b)(1) provides, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." Paragraph (2), in turn, provides in part, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been *stipulated to by the defendant* or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, § 1170, subd. (b)(2), italics added.)

Here, the trial court erred in relying on two aggravating factors that had been stricken and that were thus neither stipulated to nor found to be true beyond a reasonable doubt. As the Attorney General notes, the courts are divided on the applicable standard for assessing prejudice. But all agree such error is harmless if the sentencing court indicated it would "nevertheless have exercised its discretion to select the upper term if it had recognized that it could permissibly rely on only a few of the aggravating factors, rather than all of the factors on which it previously relied." (*People v. Ross* (2022) 86 Cal.App.5th 1346, 1355–1356, review granted Mar. 15, 2023,

4

S278266; *People v. Falcon* (2023) 92 Cal.App.5th 911, 933–937 [discussing various approaches], review granted Sept. 13, 2023, S281242.) Here, the trial court gave no such indication. The court, in listing the aggravating factors it considered, gave no indication of the weight accorded to any of them or that in the absence of the two unstipulated factors, it would nevertheless select the upper term sentence. Absent any such indication, we cannot say the error was harmless.

## DISPOSITION

Defendant's sentence is vacated, and the matter is returned to the trial court for a full resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 [when part of sentence is stricken on review, remand for full resentencing is appropriate for trial court to exercise its discretion in light of changed circumstances].) We express no opinion as to how the trial court should exercise its discretion on remand.[8] Additionally, the court should correct the verdict form for count 1 to refer to the Health and Safety Code. In all other respects, the judgment is affirmed.

---

[8] In light of our disposition, we need not and do not reach defendant's remaining contentions on appeal—that the trial court failed to properly consider a mitigating circumstance and abused its discretion in declining to impose a split sentence—as defendant is free to raise those arguments on remand.

5

_____
Banke, J.

We concur:


_____
Humes, P. J.


_____
Castro, J.*


**Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


A168270, People v. Roberts

6